# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2974

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| James Benford, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 9, 2004
Filed: March 18, 2004

_____

Before RILEY, McMILLIAN, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

James Benford (Benford) appeals his conviction and sentence. After waiving a jury trial, the district court[1] found Benford guilty of one count of conspiracy to possess with intent to distribute cocaine base. 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court denied Benford a reduction for a minor role in the offense and sentenced him to 324 months imprisonment and a five-year term of supervised release. On appeal, Benford argues the district court erred in finding a

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

single conspiracy rather than multiple conspiracies, and also erred in denying him a minor role reduction. We affirm.

Whether the government's proof at trial established only a single conspiracy or multiple conspiracies is a question of fact, United States v. Morales, 113 F.3d 116, 118 (8th Cir. 1997), which we review for clear error, United States v. Contreras, 283 F.3d 914, 916 (8th Cir. 2002). "A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement." Morales, 113 F.3d at 118-19 (internal quotations omitted). "A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." Contreras, 283 F.3d at 916 (quoting United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1999)).

In order for Benford to prevail on his theory of fatal variance between the single conspiracy charged in the indictment and the government's proof of multiple conspiracies at trial, Benford must first establish the existence of a variance, and he must also show the variance affected his substantial rights. United States v. Lopez-Arce, 267 F.3d 775, 781 (8th Cir. 2001). We will reverse only if we find the evidence adduced at trial does not support a finding of a single conspiracy, and we determine Benford was prejudiced by the variance. Id. Viewing the evidence in the light most favorable to the verdict, the evidence adduced at trial amply supports the district court's finding of a single conspiracy, which (1) had as its common goal the possession and sale of large quantities of crack cocaine in east Omaha, (2) continued over a long period of time, and (3) included members of the same street gang. Id. at 782. Furthermore, we conclude Benford suffered no prejudice because he was the only defendant being tried, and he would clearly be "implicated in any other conspiracy the evidence could [conceivably] prove." Id. at 781.

Next, Benford contends the district court erred in denying him a two-level reduction for being a minor participant. See U.S.S.G. § 3B1.2(b). The Application

Notes define a minor participant as a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. Benford bears the burden of proving he is entitled to a minor participant role reduction. United States v. Speller, 356 F.3d 904, 907 (8th Cir. 2004). Whether a particular defendant qualifies for a role reduction under the Sentencing Guidelines is a question of fact, United States v. Thurmon, 278 F.3d 790, 792 (8th Cir. 2002), which we review for clear error, United States v. Surratt, 172 F.3d 559, 567 (8th Cir. 1999). The district court found that, in distributing two and a half kilos of crack cocaine over a long period of time, Benford did not play a minor role in the conspiracy when compared to other co-conspirators. We conclude Benford, a street-level dealer, failed to prove he was less culpable than most of his co-conspirators, and the district court did not err in denying Benford a role reduction.

Accordingly, we affirm Benford's conviction and sentence. See 8th Cir. R. 47B.

_____