# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2300

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the Western
     *    District of Missouri.
Soheir A. Abu Nahia,      *
     *
         Appellant.      *

_____

Submitted: January 9, 2006
Filed: February 3, 2006

_____

Before LOKEN, Chief Judge, BEAM, and McMILLIAN,[1] Circuit Judges.

_____

BEAM, Circuit Judge.

On remand from the United States Supreme Court, we reverse this case and remand for resentencing.

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 28 U.S.C. § 46(d) and 8th Cir. R. 47E.

## I.    BACKGROUND

A more thorough review of the underlying facts and initial arguments raised on appeal in this matter may be found at United States v. Rashid, 383 F.3d 769 (8th Cir. 2004), cert. denied, 542 U.S. 1080 (2005), and cert. granted, judgment vacated by, Abu Nahia v. United States, 126 S. Ct. 300 (2005) (hereinafter Rashid I).  This case is now before us on remand from the Supreme Court for limited review in light of United States v. Booker, 543 U.S. 220 (2005).  No sentencing issues were initially raised on appeal to the Eighth Circuit.  Rashid, 383 F.3d at 772.

A jury convicted Nahia of conspiracy to commit bank fraud and bank fraud. The pre-sentence investigation report calculated Nahia's total offense level at twenty-six and her criminal history category as one, resulting in a sentencing range of sixty-three to seventy-eight months.  Nahia requested a downward departure, representing to the court that she would waive deportation proceedings.  The government objected to her request and the court agreed that no departure was warranted.  However, the court did note its uncertainty that the circumstances of the case warranted a sixty-three-month sentence stating, "I don't know that this circumstance, quite frankly, warrants a 63 month term of imprisonment."

The district court sentenced Nahia to sixty-three months' imprisonment, three years supervised release, and a special assessment of $200.00.  In Rashid I, we affirmed the judgment of the district court finding that the government had established "materiality" as a matter of law.  Id. at 778-79.  Nahia then filed a writ of certiorari with the United States Supreme Court claiming, for the first time, that she should be resentenced in light of United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court vacated the sentence and remanded to this court for consideration.

## II.    DISCUSSION

Nahia receives the benefit of <u>Booker</u> in this case.  Because she failed (understandably) to raise any challenge to the constitutionality of the mandatory guidelines at the time of sentencing as she was sentenced prior to such jurisprudence, we review the sentence imposed for plain error.  <u>United States v. Pirani</u>, 406 F.3d 543, 549-50 (8th Cir.) (en banc), <u>cert. denied</u>, 126 S. Ct. 266 (2005).  Plain error  is governed by the four-part test of <u>United States v. Olano</u>, 507 U.S. 725 (1993).  Nahia bears the burden of proving plain error and must establish the following:  (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  <u>Johnson v. United States</u>, 520 U.S. 461, 466-67 (1997) (interpreting <u>Olano</u>, 507 U.S. at 734-35).

Under <u>Pirani</u>, mandatory use of the guidelines constitutes "error" that is "plain." <u>Pirani</u>, 406 F.3d at 550.  The government concedes that the district court applied the guidelines as mandatory and that this constituted an "error" that was "plain." Therefore, we turn to the third element of the <u>Olano</u> plain-error test.  Here,  Nahia must show a reasonable probability, based on the record as a whole, that but for the error of applying the guidelines mandatorily she would have received a more favorable sentence.  <u>Id.</u> at 553.  In its supplemental brief, the government truthfully points out that resolution of Nahia's burden is a close issue and felt "duty-bound" to bring the district court's comments at sentencing to our attention.  We acknowledge the government's role in this instance as an officer of the court and agree with its assessment.  The district court's expression of uncertainty that a sixty-three month sentence was appropriate establishes a reasonable probability that Nahia would have received a more favorable sentence under an advisory guidelines scheme.

Because there is a reasonable probability that Nahia would have received a lesser sentence under an advisory regime, we must determine whether the fourth

Olano factor is satisfied, i.e., whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Johnson, 520 U.S. 466-67. This court has repeatedly chosen to exercise its discretion under the fourth factor to vacate the defendant's sentence. See, e.g., United States v. Jimenez-Gutierrez, 425 F.3d 1123, 1127 (8th Cir. 2005) (Colloton, J., concurring); United States v. Betterton, 417 F.3d 826, 833 (8th Cir. 2005) (Hansen, J., concurring). And, while we reiterate our colleagues' concerns that a conclusory analysis of the fourth Olano factor violates Olano's admonition that "a plain error affecting substantial rights does not, without more, satisfy the [plain-error] standard, for otherwise the discretion afforded by [Fed. R. Crim. P.] 52(b) would be illusory," 507 U.S. at 737, we nevertheless feel compelled to follow prior circuit precedent. Cf. Betterton, 417 F.3d at 833-36.

We therefore exercise our discretion to vacate Nahia's sentence and remand to the district court for resentencing. "'However, nothing in this opinion should be construed as suggesting [a] more lenient sentence[] . . . [is] necessarily warranted or would be reasonable. The district court must conduct its resentencing analyses in the first instance.'" Id. at 833 (quoting United States v. Plumman, 409 F.3d 919, 932 (8th Cir. 2005)).

## III.  CONCLUSION

For the reasons stated herein we reverse the sentence and remand to the district court for resentencing. Our hope is that this may be done expeditiously.[2]

---

[2]Nahia's tendered pro se supplemental brief is accepted. No further briefing is necessary given the approach the government has taken in its briefing to the court. Accordingly, we deny the pending Motion of Appellant for Leave to Withdraw Anders Brief, deny Ms. Hunt's pending Motion to Withdraw as Counsel for Nahia and deny Nahia's Motions to Substitute Counsel. We additionally note that if and when Nahia chooses to appeal after resentencing, she may renew her motion for substitute counsel.