# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2339

_____

United States of America,         *
          *
         Appellee,      *
          *     Appeal from the United States
    v.          *     District Court for the
          *     Northern District of Iowa.
Anthony James Smith,      *
          *
         Appellant.     *

_____

Submitted: June 9, 2005
Filed: April 19, 2006

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

HANSEN, Circuit Judge.

We previously affirmed Anthony James Smith's conviction and 324-month sentence for attempting to manufacture five grams or more of actual methamphetamine and his 120-month concurrent sentence for being a felon in possession of a firearm. See United States v. Smith, 363 F.3d 811 (8th Cir. 2004), vacated by 543 U.S. 1103 (2005). The Supreme Court granted Smith's petition for certiorari and remanded Smith's case to us for reconsideration in light of United States v. Booker, 543 U.S. 220, 259 (2005) (excising 18 U.S.C. §§ 3553(b)(1) & 3742(e), effectively making the Sentencing Guidelines advisory rather than mandatory).

Having carefully considered Smith's appeal in light of <u>Booker</u>, we now vacate the sentences imposed by the district court and remand for resentencing.

Smith was sentenced before the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and he did not raise the constitutionality of the Sentencing Guidelines in the district court. His drug conviction sentence, imposed under the then-mandatory Guidelines, was based on a sentencing range that resulted from the application of a number of Guidelines enhancements, including six levels for risk of harm to a minor, U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(5)(C) (Nov. 2002), two levels for use of a minor, USSG § 3B1.4, and two levels for obstruction of justice, USSG § 3C1.1. His concurrent felon-in-possession sentence was required to be the 10-year (120-month) statutory maximum. <u>See</u> USSG § 5G1.2, comment. (n.1). Smith agrees that our review of his sentences is for plain error since he did not challenge the use of the mandatory guidelines in the district court. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 126 S. Ct. 266 (2005). Nor did he contest the district court's Guidelines' application factual determinations when his case was first here.

The district court's application of the Guidelines under the mandatory regime meets the first two parts of the four-part plain error test, that is, it was (1) error (2) that is plain. <u>Id.</u> at 550 (relying on <u>United States v. Olano</u>, 507 U.S. 725, 732-36 (1993)). To establish the third prong, that the error affected the defendant's substantial rights, Smith must "demonstrate[] a reasonable probability that he would have received a more favorable sentence with the <u>Booker</u> error eliminated." <u>Pirani</u>, 406 F.3d at 551.

At Smith's sentencing hearing, the district court stated:

Of course I'm going to sentence you at the bottom of the guideline range. 324 months, as [defense counsel] indicated, is an exceptionally long and severe sentence. I don't care what the crime is. And so the thought never crossed my mind to sentence you anything above the bottom of the

guideline range. If I could sentence you below the 324 months, I would. . . . I don't enjoy giving out a 324-month sentence to somebody who's 28 years old regardless of what the crime is.

(Sent. Tr. at 17, 21.) The government argues that these statements reflect only the district court's general dislike of the Guidelines and that they do not represent a determination by the district court that any of the 18 U.S.C. § 3553(a) sentencing factors supported a sentence below the now advisory Guidelines range. While we have stated that a district court's general dislike for the Guidelines does not satisfy the defendant's high burden of establishing an effect on his substantial rights, see Pirani, 406 F.3d at 553 n.6, the district court's statement here is more than a general expression of dislike for the Guidelines. The ultimate burden on the defendant is to establish that he would have received a lower sentence had the Guidelines been applied as required by Booker. In our plain error analysis we have never required that the district court had to have articulated a valid Booker basis for granting a lesser sentence in order to establish the third prong, only that the district court likely would have sentenced the defendant to a lesser sentence if it had applied the Guidelines as advisory. We must keep in mind that Smith did not challenge his sentence as unconstitutional at the sentencing hearing, thus our plain error review. As such, the district court was not called upon to address any bases for a lesser sentence; indeed, at the time, no such bases existed. The defendant is required to establish only a reasonable probability that absent the Booker error he would have received a lesser sentence. The district court made it clear that it would have sentenced Smith to a lesser sentence if it had the authority to do so. Booker potentially gives the district court that authority so long as a lesser sentence is based upon and consistent with the § 3553(a) sentencing factors, and is reasonable. Thus, Smith has met the third prong of the plain error test.

Having found a plain error that affected Smith's substantial rights, we must now decide the fourth Olano step, "whether to exercise our discretion to review a plain error because it 'seriously affects the fairness, integrity, or public reputation of judicial

proceedings.'" Pirani, 406 F.3d at 553 (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)). This final factor is separate and distinct from the third factor, though we note that "[t]his court has repeatedly chosen to exercise its discretion under the fourth factor to vacate the defendant's sentence" in Booker cases. United States v. Nahia, 437 F.3d 715, 717 (8th Cir. 2006). "[W]hile we reiterate our colleagues' concerns that a conclusory analysis of the fourth Olano factor violates Olano's admonition that 'a plain error affecting substantial rights does not, without more, satisfy the [plain-error] standard' . . . we nevertheless feel compelled to follow prior circuit precedent." Id. (internal citations omitted). We therefore, consistent with the same circuit precedent, likewise feel compelled to exercise our discretion to recognize the plain error in this case and remand to the district court for resentencing.

Our remand order in no way indicates a view that a more lenient sentence for Smith would be either warranted or reasonable, particularly in light of the facts supporting the sentencing enhancements applicable to the calculation of his now advisory Guidelines range. We must, of course, leave the resentencing analysis to the district court in the first instance. However, we reiterate that post-Booker the district court must determine the proper advisory Guidelines range, consider any appropriate departures allowed under the Guidelines, and then apply the § 3553(a) statutory factors in deciding whether to impose a sentence within the resulting advisory range or a non-Guidelines sentence. See United States v. Rivera, 439 F.3d 446, 448 (8th Cir. 2006).

We vacate Smith's sentences and remand to the district court for resentencing.
_____