# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-2124/2126

_____

United States of America,                   *
                                            *
           Appellee/Cross-Appellant,         *    Appeal from the United States
                                            *    District Court for the
     v.                                      *    District of Nebraska.
                                            *
Rommel Smith, also known as Ro               *
Sleezy,                                      *
                                            *
           Appellant/Cross-Appellee.         *

_____

Submitted: May 17, 2006
Filed: June 27, 2006

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Rommel Smith appeals his conviction for conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of a mixture containing a detectible amount of cocaine and the jury determination he is responsible for 1.5 kilograms or more of a substance containing cocaine base. Smith argues the district court erred by improperly instructing the jury, there was insufficient evidence to support a conviction for the conspiracy charged in the indictment, and his counsel was ineffective. The government appeals the district court's sentence of 204 months of imprisonment and five years of supervised release arguing the district court erred by not imposing an obstruction of justice enhancement,

improperly determining Smith's criminal history category overstated his criminal history, and conducting an improper 18 U.S.C. § 3553(a) analysis. We affirm the conviction and remand for resentencing.


I


A


Smith argues the district court erred in its instructions to the jury. The district court, in its preliminary instructions, informed the jury the case involved a charge of conspiracy relating to cocaine and cocaine base. Evidence was admitted and arguments were made during trial relating to both powder cocaine and cocaine base. In its final instructions to the jury, the district court informed the jury the conspiracy charged by the government related to cocaine base. The final instruction did not reference powder cocaine. Smith argues this final instruction is erroneous and warrants reversal of his conviction because the jury was not instructed how to evaluate the evidence introduced at trial relating to powder cocaine.


Smith did not object to the district court's instructions on this issue. When a party fails to offer an instruction or does not object to an instruction provided by the district court, we review the instruction given for plain error. United States v. Gaona-Lopez, 408 F.3d 500, 506 (8th Cir. 2005). Plain error is established when there is an error that is plain which affects a defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-36 (1993); United States v. Smith, 444 F.3d 996, 997 (8th Cir. 2006). The question is "whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (internal quotation omitted). If the instructions, when taken as a whole, "fairly and adequately submitted the issues in the case to the jury," reversal of

the conviction is not required. <u>Wheeling Pittsburg Steel Corp. v. Beelman River Terminals, Inc.</u>, 254 F.3d 706, 711 (8th Cir. 2001). Once a defendant establishes the existence of a plain error affecting substantial rights, we must decide "whether to exercise our discretion to review a plain error because it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>United States v. Pirani</u>, 406 F.3d 543, 553 (8th Cir. 2005) (en banc) (quoting <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997)).

Evidence was received at trial regarding the conversion of powder cocaine to cocaine base, including Smith's involvement in such conversion. The jury also heard evidence on the conversion rate from powder cocaine to cocaine base. Assuming, without deciding, the instructions were plainly erroneous, the jury would have only considered the evidence presented as it related to cocaine base. If the jury ignored all the evidence regarding powder cocaine, it still could have attributed over four kilograms of cocaine base to Smith and convicted Smith of the offense charged. This evidence was also sufficient to support the drug quantities calculated by the district court. Given these facts, we conclude Smith's substantial rights were not affected by the jury instruction and we find no reversible error in the instructions provided.

B

Smith next argues insufficient evidence exists to convict him of the conspiracy charged in the indictment. He argues the government, at best, proved the existence of multiple conspiracies, none of which were the conspiracy charged.

To establish a drug conspiracy, the government must prove the existence of an agreement between two or more persons to violate federal narcotics law. The existence of an agreement is established upon a showing the defendant was aware of

the purposes of the agreement and voluntarily participated in the agreement.  United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998).  We will reverse a conviction for lack of sufficient evidence only if no reasonable juror could have concluded beyond a reasonable doubt the government met its burden of proof as to each element of the offense.  See United States v. Bolzer, 367 F.3d 1032, 1035 (8th Cir. 2004); United States v. Hernandez, 299 F.3d 984, 988 (8th Cir. 2002).  We review the evidence in the light most favorable to the verdict.  United States v. Lopez-Arce, 267 F.3d 775, 782 (8th Cir. 2001).

Where, as here, a defendant argues the evidence varies from the conspiracy charged in the indictment by establishing multiple and different conspiracies than the one charged,  "[w]e will reverse only if we find the evidence adduced at trial does not support a finding of a single conspiracy, and we determine [the defendant] was prejudiced by the evidence."[1]  United States v. Benford, 360 F.3d 913, 914 (8th Cir. 2004) (internal quotation omitted).  "Whether the government's proof at trial established only a single conspiracy or multiple conspiracies is a question of fact, which we review for clear error."  Id. (internal quotation omitted).

"A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement."  United States v. Morales, 113 F.3d 116, 118 (8th Cir. 1997) (internal quotations omitted).  "A single conspiracy may exist even if the participants and their activities change over time, and even if many

---

[1]Prejudice is established upon a showing: (1) the evidence relating to the other conspiracies had prejudicial spillover effects as to the conspiracy charged, (2) the indictment provided insufficient notice of what evidence would be provided against the defendant at trial, or (3) the indictment was so vague as to risk subsequent prosecution for the same conduct.  United States v. Pizano, 421 F.3d 707, 720 (8th Cir. 2005).  Smith only alleges prejudice resulting from the spillover effects of the evidence.

participants are unaware of, or uninvolved in, some of the transactions." United States v. Contreras, 283 F.3d 914, 916 (8th Cir. 2002) (internal quotation omitted). Further, the agreement need not be explicit, but may be tacit, based upon the actions of the defendant. United States v. Adams, 401 F.3d 886, 893-94 (8th Cir. 2005).

In determining whether a single conspiracy was proven by the evidence adduced at trial, we consider the totality of the circumstances, including "the nature of the activities involved, the location where the alleged events of the conspiracy took place, the identity of the conspirators involved, and the time frame in which the acts occurred." Id. at 838-39; United States v. Morales, 113 F.3d 116, 119 (8th Cir. 1997); see also United States v. Radtke, 415 F.3d 826, 838 (8th Cir. 2005) (holding a single conspiracy exists when there exists one overall objective to perform various functions to achieve the purposes of the conspiracy).

We conclude the evidence presented at trial establishes a single conspiracy. There is ample evidence Smith pooled his resources with other dealers, cooked cocaine base with his co-conspirators, shared drug suppliers, acted as an intermediary for a number of drug purchases, bought and sold cocaine base from shared contacts on a regular basis, and received compensation for allowing drug activities to occur at his home, all with a purpose of distributing powder cocaine and cocaine base. Under the totality of the circumstances, the evidence establishes a single conspiracy to sell cocaine base from a central location – Smith's home – with changing parties; it does not establish multiple conspiracies. See United States v. Hill, 410 F.3d 468, 472 (8th Cir. 2005) (holding a "hub and spokes" conspiracy establishes a single, albeit massive, conspiracy); Benford, 360 F.3d at 914 (concluding a single conspiracy was proven when the evidence adduced at trial established a common goal among gang members of distributing cocaine base in a particular area, despite the long period of the conspiracy); see also United States v. Wilkinson, 124 F.3d 971, 976 (8th Cir. 1997) ("When a jury returns a guilty verdict on an indictment charging several acts in the

conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.") (internal quotation omitted). Because we conclude the evidence adduced at trial did not vary from the conspiracy charged in the indictment, we need not address whether Smith suffered prejudice.

C

Finally, Smith argues his counsel was ineffective because he failed to object to some of the government's direct examination on foundational and leading grounds and because his counsel's cross-examination of some of the government's witnesses resulted in evidence supporting the conviction. In general, an ineffective assistance of counsel claim is not cognizable on direct appeal. United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (internal citations omitted). We review direct appeal claims of ineffective assistance "only in exceptional cases where the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice." Id. (internal quotation omitted). Despite Smith's claim to the contrary, we find no exceptional circumstances present in the instant case to justify consideration of his ineffective assistance claim on direct appeal. Accordingly, we affirm Smith's conviction.

II

The district court determined Smith faced a base offense level of thirty-eight and a criminal history category III under the now advisory Guidelines. The district court concluded Smith's criminal history category was overstated and determined a criminal history category II was more appropriate. It also denied the government's motion for an enhancement for obstruction of justice. After these adjustments, Smith's adjusted offense level was thirty-eight, resulting in an advisory Guideline

range of 262 to 327 months. After considering the factors under 18 U.S.C. § 3553(a), the district court imposed a sentence of 204 months of imprisonment with five years of supervised release. The government appeals the district court's sentence, alleging the district court erred by not imposing an obstruction of justice enhancement, reducing Smith's criminal history category, and imposing an unreasonable sentence.

The Pre-Sentence Investigation Report (PSR) recommended application of a two-level obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1 because Smith's trial testimony materially differed from and contradicted his earlier proffers to law enforcement officials. In determining whether such an enhancement should apply, the district court must review the evidence and find, by a preponderance of the evidence, the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Ziesman, 409 F.3d 941, 956 (8th Cir. 2005) (internal quotation omitted).

The district court, pursuant to its policy to not apply enhancements not found by a jury, denied the motion seeking application of the obstruction of justice enhancement. The district court made no factual inquiry or analysis into whether Smith actually obstructed justice, but instead suggested United States v. Booker, 543 U.S. 220 (2005), required the prosecution to bring a perjury charge against Smith because the enhancement increased Smith's maximum sentence by a factor not found by the jury.

Reviewing the district court's application of the Guidelines de novo, United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005), we conclude the district court erred in not considering whether to impose an obstruction of justice enhancement. Booker did not change how the Guidelines are calculated. See United States v. Washburn, 444 F.3d 1007, 1014 (8th Cir. 2006) (noting application of an obstruction

of justice enhancement does not run afoul of the Sixth Amendment). In determining the advisory Guideline sentence, the district court must rule on all applicable Guidelines departures and adjustments. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). Application of an obstruction of justice enhancement is not discretionary if the requisite factual findings are made. See U.S.S.G. § 3C1.1.

Here, the government properly moved for an obstruction of justice enhancement. The district court's refusal to consider such a motion as a result of its application of an incorrect legal principle was erroneous and may have resulted in a different sentence. Accordingly, we remand for resentencing and do not reach the government's challenge to the reasonableness of the sentence imposed.[2] See Mashek, 406 F.3d at 1017 ("If the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a).").

III

For the foregoing reasons, we affirm the conviction but remand for resentencing.

_____

[2]We find the government's appeal of the district court's reduction of Smith's criminal history category to be without merit. The government provided no authority establishing the district court erred in reducing Smith's criminal history category under U.S.S.G. § 4A1.3. On review of the record, we cannot say the district court abused its discretion by reducing Smith's criminal history category. Accordingly, we do not disturb the district court's ruling on this issue.