# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1642

_____

United States of America,                          *
                                                   *
            Appellee,                              *
                                                   *    Appeal from the United States
      v.                                           *    District Court for the
                                                   *    District of Nebraska.
Juan M. Rodriguez,                                 *    [UNPUBLISHED]
                                                   *
            Appellant.                             *

_____

Submitted: June 12, 2006
Filed: July 20, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Juan M. Rodriguez of one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and one count of possession with intent to distribute 50 grams or more but less than 500 grams of methamphetamine. He appeals claiming the evidence was insufficient to support the verdicts. He further claims the district court abused its discretion in denying his request for a Franks[1] hearing. Finally, he challenges his 300-month sentence. We affirm the judgment of conviction but reverse the sentence and remand for resentencing.

_____

[1]Franks v. Delaware, 438 U.S. 154 (1978).

The evidence against Rodriguez, which included the testimony of several law enforcement officers and three cooperating witnesses, established he received methamphetamine from sources in California and sold it in Omaha and Lincoln, Nebraska. A search of the house where he lived uncovered 300 grams of methamphetamine, two 1500-tablet containers of methylsulfonylmethane (MSM) (a common dilutant for methamphetamine) as well as two plastic bags containing roughly ten pounds of "cut" powder, a blender, a scale, shrinkwrap, and $4,680 in cash. Law enforcement officers obtained a search warrant for the house after 1) a confidential informant told them Rodriguez's son, Juanito, would be leaving the house to make a delivery of part of one pound of methamphetamine, and 2) officers stopped the vehicle in which Juanito was a passenger and found five ounces of methamphetamine.

Rodriguez, primarily by challenging the credibility of the cooperating witnesses, contends the evidence was insufficient to show he was a part of a conspiracy or, in the alternative, the evidence showed he was part of a conspiracy that occurred at times other than the dates alleged in the superseding indictment. We reject this claim. "[W]itness credibility is virtually unreviewable on appeal," United States v. Ziesman, 409 F.3d 941, 948 (8th Cir. 2005), and the mere fact witnesses testify in exchange for the possibility of reduced sentences does not categorically make their testimony infirm, e.g., United States v. Maggard, 156 F.3d 843, 847 (8th Cir. 1998). In addition, when a defendant contends the evidence proves a different conspiracy than the one charged in the indictment, "[w]e will reverse only if we find the evidence adduced at trial does not support a finding of a single conspiracy, and we determine [the defendant] was prejudiced by the variance," United States v. Benford, 360 F.3d 913, 914 (8th Cir. 2004). No such variance existed in the instant case. See United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998) ("A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions.").

We also reject Rodriguez's claim the district court abused its discretion in denying his request for a Franks hearing. To obtain a Franks hearing, a defendant must show "an affiant deliberately lied or recklessly disregarded the truth," United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997), and "the alleged false statement or omission was necessary to the finding of probable cause." United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002). Here, the district court determined, and we agree, the search warrant affidavit contained sufficient information to establish probable cause even after redacting the information to which he objected.

Finally, Rodriguez challenges the district court's calculation of a guideline range of 262-327 months using a four-level adjustment for his having illegally reentered the United States following his deportation. This adjustment apparently relates to a count of the superseding indictment which was severed for trial and then later dismissed by the government. The government concedes the district court erred by imposing this adjustment. Although this issue is subject to plain error review because Rodriguez did not raise it in the district court, we conclude the district court plainly erred because his guideline range is 168-210 months without the enhancement, well below the 300-month sentence imposed by the district court. See United States v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) (concluding error substantially affected defendant's rights because he "would end up serving 17 more months in prison than he might have served had he been sentenced absent the error"). We choose to "exercise our discretion to recognize the plain error in this case and remand to the district court for resentencing." United States v. Smith, 444 F.3d 996, 998 (8th Cir. 2006).

We affirm the judgment of conviction, but reverse the sentence and remand for resentencing.[2]

_____

<hr />

[2]The government contends the district court committed two additional sentencing errors when it 1) refused to apply an enhancement based on Rodriguez's role in the offense and 2) declined to find Rodriguez responsible for a quantity of methamphetamine above that found by the jury. Those issues are not preserved for our review, however, as the government failed to file a cross appeal. See United States v. Schafer, 429 F.3d 789, 792 (8th Cir. 2005). We therefore do not offer any view on the merits of the government's two additional sentencing issues.