# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3456

_____

Cory Baker Kamerud,

    Plaintiff - Appellant,

    v.

United States of America,

    Defendant - Appellee.

_____

No. 08-3702

_____

Appeals from the United States
District Court for the Northern
District of Iowa.

United States of America,

    Plaintiff - Appellee,

    v.

Brett Christian Kamerud,

    Defendant - Appellant.

_____

Submitted: April 15, 2010
Filed: January 24, 2011

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Cory and Brett Kamerud appeal the district court's denial of their 28 U.S.C. § 2255 motions, challenging their 2001 jury convictions for conspiring to distribute and possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, which resulted in identical 240-month sentences. Although the district court[1] denied relief, this court granted a certificate of appealability on the issue of whether "counsel was constitutionally ineffective for failing to argue there was a variance between the one conspiracy charged in the indictment and the two separate conspiracies allegedly proved at trial." In their briefs, the Kameruds renew the claim that the district court erred when it determined that their attorneys were not ineffective for failing to challenge the superseding indictment due to a variance between the one conspiracy charged in the indictment and the two conspiracies they allege were proven at trial. They argue that, because the alleged second conspiracy was in South Dakota, venue was improper in the Northern District of Iowa, and they should be granted a new trial. We affirm.

In June and August 2000, the Kameruds, along with Russell Brick and Stacey Bitz, trafficked methamphetamine from Sioux City, Iowa, to Aberdeen, South Dakota, on about twelve occasions. Although the Kameruds did not make the trip each time, they contributed money for the methamphetmine that Brick purchased from their supplier, Kurt Undine. When the methamphetamine reached Aberdeen, the Kameruds would redistribute and consume some of it.

On August 23, 2000, Brick and Bitz were arrested. On July 19, 2001, the Kameruds were then indicted on a single count of conspiring to distribute and possess with intent to distribute methamphetamine. On August 25, 2001, an officer found the

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Kameruds and Jenny Menzel, a juvenile female, sitting in a vehicle parked under an overpass in Aberdeen, South Dakota. The road was closed to traffic. The officer learned that Menzel, the driver, had no license with her. He called for back-up, and the officers who came searched the car and found a large quantity of methamphetamine and some drug paraphernalia in Menzel's purse.

On October 24, 2001, the grand jury returned a superceding indictment. The date of the termination of the conspiracy was extended by one year to August 2001, and a charge was added alleging an additional object of the conspiracy was to distribute methamphetamine to a person under 21. The trial commenced, and the jury returned verdicts finding both Kameruds guilty of conspiracy to (1) distribute methamphetamine, (2) possess with intent to distribute methamphetamine, and (3) possess with intent to distribute methamphetamine to one or more persons under twenty-one years of age, but not guilty of conspiracy to distribute methamphetamine to one or more persons under twenty-one years of age.

The Kameruds appealed. Reviewing for plain error the argument that the government failed to charge multiple conspiracies even though the evidence proved two separate conspiracies, we affirmed the convictions on direct appeal. United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir. 2003).

The Kameruds separately filed writs of habeas corpus pursuant to 28 U.S.C. § 2255, and an evidentiary hearing was held. Although the magistrate judge issued a Report and Recommendation, concluding that a new trial should be warranted due to ineffective assistance of counsel, Judge Bennett sustained the government's objections to the magistrate judge's conclusion. This court granted a certificate of appealability with respect to the argument that counsel was constitutionally ineffective for failing to argue that there was a variance between the one conspiracy charged in the indictment and the two separate conspiracies allegedly proved at trial.

-3-

We review the district court's factual findings in an ineffective assistance of counsel claim for clear error and its legal conclusions de novo. Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (citation omitted). To prove that their counsel was ineffective, the Kameruds must show that: (1) their "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [their] defense." Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995) (citation omitted).

We must first review whether there was a variance because if the evidence proved the existence of a single conspiracy, the Kameruds's constitutional challenge of ineffective assistance of counsel would be unavailing. In determining whether a single conspiracy was proven at trial, "we consider the totality of the circumstances, including the nature of the activities involved, the location where the alleged events of the conspiracy took place, the identity of the conspirators involved, and the time frame in which the acts occurred." United States v. Smith, 450 F.3d 856, 860-61 (8th Cir. 2006) (internal quotations and citations omitted), post-conviction relief denied by 2010 WL 481000 (D. Neb. Feb. 04, 2010) (No. 8:04CR190).

Although the Kameruds point to several inconsistencies in testimony, we are persuaded by the district court that the evidence at trial supported a determination that there was only one overarching conspiracy encompassing the Kameruds's methamphetamine distribution. As the district court found, the evidence established the events of the conspiracy took place in two locations: Aberdeen, South Dakota, and Sioux City, Iowa. The trial testimony of two witnesses support the Kameruds's use and distribution of methamphetamine both before and after August 23, 2000 out of the Kameruds's apartment in Aberdeen. Under the totality of the circumstances, the evidence establishes a single conspiracy to sell methamphetamine from the central location of the Kameruds's apartment building in Abderdeen. See United States v. Benford, 360 F.3d 913, 914 (8th Cir. 2004) (concluding a single conspiracy was proven when the evidence established a common goal to distribute cocaine in a

particular area);  United States v. Hill, 410 F.3d 468, 472 (8th Cir. 2005) (holding a hub and spokes conspiracy establishes a single, albeit massive, conspiracy).  As a result, the evidence was consistent with, and not materially different from the superseding indictment.  See United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007).

By failing to demonstrate that there was a variance, the Kameruds cannot show that counsel was deficient for failing to raise the issue of the variance at trial, nor can they show any resulting prejudice.  We thus conclude that the Kameruds's attorneys were not ineffective for failing to challenge the indictment.

Affirmed.

_____