# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3695

_____

United States of America

*Plaintiff - Appellee*

v.

Spencer High Hawk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: October 25, 2024
Filed: November 13, 2024
[Published]

_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury convicted Spencer High Hawk of aiding and abetting second degree murder, 18 U.S.C. §§ 1111(a), 2, and 1153. He appeals, arguing that the evidence

was insufficient to support the jury's verdict and that the district court[1] plainly erred by failing to instruct the jury on involuntary manslaughter and imperfect self-defense. We affirm.

## I.

Late one night, High Hawk and his father, Eugene ("Acorn") High Hawk, were at Acorn's home on the Pine Ridge Reservation in Wounded Knee, South Dakota. Battling cancer, Acorn was frail and unable to speak. A.F.H. and Dominic Jealous of Him went to Acorn's home to play cards when a fight broke out. Acorn and High Hawk armed themselves with baseball bats. According to A.F.H., Acorn hit A.F.H. as High Hawk beat Jealous of Him with a metal bat. A.F.H. escaped and went to the hospital for his injuries.

Jealous of Him's family reported him missing the next morning. His body was found in the creek behind Acorn's home. A blood trail, chemical smells and mop fibers in the home, and drag marks suggested Jealous of Him's body was dragged from the house to the creek. Acorn and High Hawk were both charged with murder, though Acorn died before trial.

At trial the Government presented Facebook messages High Hawk sent after the killing where he bragged about murdering someone and asked for a ride out of Wounded Knee. High Hawk told several different stories about what happened that night, none of which aligned with A.F.H.'s.

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, now retired, presided over trial. The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, handled sentencing and post-trial motions.

II.

A.

We review High Hawk's sufficiency challenge *de novo*, viewing the evidence "in the light most favorable to the jury's verdict, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Tillman, 765 F.3d 831, 833 (8th Cir. 2014) (citation omitted). We will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Mabery, 686 F.3d 591, 598 (8th Cir. 2012).

To convict High Hawk, the jury had to find (1) that he unlawfully killed Jealous of Him or aided and abetted in the killing, (2) that he acted with malice aforethought, and (3) that he is an Indian and the offense took place in Indian country. 18 U.S.C. §§ 1111(a), 2; see also United States v. Cottier, 908 F.3d 1141, 1146 (8th Cir. 2018). Malice may be shown "by evidence of conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that the factfinder is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." Cottier, 908 F.3d at 1146 (cleaned up) (citation omitted). "An aiding and abetting conviction requires the government to prove a defendant took an affirmative act to further the underlying criminal offense, with the intent of facilitating the offense." United States v. Borders, 829 F.3d 558, 565 (8th Cir. 2016) (citing Rosemond v. United States, 572 U.S. 65, 71 (2014)).

According to High Hawk, Acorn killed Jealous of Him and no reasonable jury could have found that High Hawk knew Jealous of Him was being killed or that High Hawk could have stopped the killing. He insists that the jury should have believed his version of events—that he went to get a towel and came back to find his father beating Jealous of Him—over A.F.H.'s testimony that High Hawk beat Jealous of Him with a bat. But "we must resolve issues of credibility in favor of the verdict,

and we decline to invade the province of the jury as [High Hawk] would have us do." United States v. Fregoso, 60 F.3d 1314, 1323 (8th Cir. 1995).

More than A.F.H.'s testimony supports High Hawk's conviction. The forensic pathologist noted over 30 separate injuries on Jealous of Him's body, including significant, fatal injuries to his head. Blood found in Acorn's home matched Jealous of Him's DNA. High Hawk also bragged to several people on Facebook that he murdered someone and wanted help to flee Wounded Knee. A reasonable jury presented with all this evidence could find that Jealous of Him was killed in Indian country; High Hawk, an Indian, knew the beating of Jealous of Him was being committed and aided in its commission; and High Hawk acted recklessly and with wanton disregard of human life.

## B.

"When a party fails to offer an instruction or does not object to an instruction provided by the district court, we review the instruction given for plain error." United States v. Smith, 450 F.3d 856, 859 (8th Cir. 2006). Before trial, High Hawk asked for a jury instruction on involuntary manslaughter. But when the district court did not include one, High Hawk did not object. High Hawk also never requested an imperfect self-defense instruction. So we will reverse only if High Hawk shows that the district court's failure to give the instructions "resulted (1) in an error; (2) that was clear or obvious under current law; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Crow Ghost, 79 F.4th 927, 937 (8th Cir. 2023).

Involuntary manslaughter is "the unlawful killing of a human being without malice . . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." 18 U.S.C. § 1112(a). "The requisite mental state for involuntary manslaughter is 'gross' or 'criminal' negligence, . . .

-4-

short of the extreme recklessness, or malice required for murder." United States v. One Star, 979 F.2d 1319, 1321 (8th Cir. 1992).

No reasonable jury could have convicted High Hawk of involuntary manslaughter because there was no evidence, including High Hawk's own testimony, suggesting that he accidentally killed Jealous of Him. High Hawk testified that he fought with Jealous of Him, walked away from the fight, and had no idea that Acorn was going to murder him. A.F.H. testified that High Hawk intentionally beat Jealous of Him to death. Jealous of Him was struck over 30 times, suggesting intentionality. And High Hawk's Facebook messages described murdering someone, not accidentally killing them. Because there was nothing supporting involuntary manslaughter, the district court did not err—plainly or otherwise—in not *sua sponte* instructing the jury on the lesser offense.

The district court also did not plainly err by not giving an imperfect self-defense instruction. A defendant can show imperfect self-defense with evidence that "(1) the defendant unreasonably but truly believed that deadly force was necessary to defend himself, or (2) the defendant inadvertently caused the victim's death while defending himself in a criminally negligent manner." United States v. Milk, 447 F.3d 593, 599 (8th Cir. 2006).

There was no evidence that High Hawk acted in imperfect self-defense. Even if the jury believed High Hawk's version of events, there was no evidence he truly but unreasonably thought the use of force was necessary to avoid an assault. See Milk, 447 F.3d at 599. And the extensive blows suggest that no matter who killed Jealous of Him it was not done in self-defense. In any case, the district court instructed the jury on the lesser included offense of voluntary manslaughter and on self-defense, so the lack of imperfect self-defense instruction did not affect High Hawk's substantial rights.

III.

Affirmed.

_____