# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3258

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
Gerald Arnett Ghant,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　*

_____

No. 02-3262

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
Gregory R. Nichols,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　*

Appeals from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: April 17, 2003

Filed: August 6, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Gerald Ghant and Gregory Nichols appeal their convictions for conspiring to distribute and to possess with intent to distribute more than five kilograms of cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), § 846.  We affirm the judgment of the district court.[1]

I.

Both defendants contend that they were prejudiced by a variance between the indictment and the government's proof at trial.  According to the defendants, although they were charged with one conspiracy occurring "[o]n or about September 1, 1994, and continuing thereafter through July 15, 1998," the government's evidence supported a finding of two separate conspiracies:  one ending in late 1996 or early 1997, and one beginning in late 1997 or early 1998.  "A variance results where a single conspiracy is charged but the evidence at trial shows multiple conspiracies," *United States v. Morales*, 113 F.3d 116, 119 (8th Cir. 1997), but reversal is warranted only if the variance infringed a defendant's substantial rights.  *See Berger v. United States*, 295 U.S. 78, 82 (1935); *see also* Fed. R. Crim. P. 52(a).

Assuming, without deciding, that the evidence in the case would support a finding of two conspiracies rather than one, we do not believe that the variance prejudiced either of the defendants.  A variance infringes on a defendant's substantial rights, when "the defendant could not reasonably have anticipated from the indictment the evidence to be presented against him ... the indictment is so vague that there is a possibility of subsequent prosecution for the same offense; or ... the

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

defendant was prejudiced by a [so-called] 'spillover' of evidence from one conspiracy to another." *United States v. Jones*, 880 F.2d 55, 66 (8th Cir. 1989). Here the defendants raise neither notice nor double-jeopardy concerns; they contend only that they were prejudiced by a spillover of evidence from one conspiracy to another.

We note initially that the two conspiracies referred to by the defendants both occurred within the time period spanned by the indictment. "Time is not a material element of a conspiracy charge," *United States v. Turner*, 975 F.2d 490, 494 (8th Cir. 1992), *cert. denied*, 506 U.S. 1082 (1993). Therefore, particularly where, as here, there are no notice or double jeopardy issues, "a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment." *See United States v. Stuckey*, 220 F.3d 976, 982-83 (8th Cir. 2000). The defendants have not raised a statute-of-limitations defense, and all of the charged activity occurred before they were indicted.

We must address, however, the question of whether the proof of more than one conspiracy prejudiced the defendants. At trial the government offered evidence about drug transactions involving Mr. Ghant that occurred between 1994 and 1996. Mr. Nichols was not linked to this activity. According to the proof, Mr. Nichols was involved only in the drug transactions that began in late 1997 or early 1998. The evidence showed that during this second period, Mr. Nichols and another individual brought cocaine from Texas to Little Rock for Mr. Ghant.

We first consider Mr. Nichols's argument that the evidence of the earlier drug transactions prejudiced the jury against him. Both the number of conspiracies putatively proven and the number of defendants involved are crucial to determining whether a variance is prejudicial. *See United States v. Rosnow*, 977 F.2d 399, 408 (8th Cir. 1992) (per curiam), *cert. denied*, 507 U.S. 990. In *Berger*, 295 U.S. at 82-83, the Supreme Court found no prejudice where the defendants were charged with

one conspiracy, but the government proved two conspiracies involving a total of four defendants. As with Mr. Nichols, the proof in *Berger* would have supported a finding that the petitioner was involved in only one of the two conspiracies. The Court found no significant difference between those circumstances and a case in which all the defendants are charged with two conspiracies, but the government fails to make out a case against one defendant as to one of the conspiracies. *See id.* "Plainly enough, [that defendant's] substantial rights would not have been affected." *Id.* at 83.

Although the Court in *Kotteakos v. United States*, 328 U.S. 750, 776-77 (1946), expressing concern that the defendants would suffer from "unwarranted imputation of guilt from others' conduct," reversed their convictions based on a variance, the circumstances were far different from those in the instant case. As the Court observed in distinguishing *Berger*, "it is one thing to hold harmless the admission of evidence [of other conspiracies], where only two conspiracies involving four persons all told were proved, and an entirely different thing to apply the same rule where, as here, only one conspiracy was charged, but eight separate ones were proved, involving at the outset thirty-two defendants." *Id.* at 766. The "sheer difference in numbers, both of defendants and of conspiracies proven, distinguishes the situation" from that presented in *Berger*. *Id.*; *see also Rosnow*, 977 F.2d at 408.

We do not believe that the present case is "a particularly 'complex' one or one dealing with 'complicated or confusing' transactions." *See United States v. Hall*, 171 F.3d 1133, 1150-51 (8th Cir. 1999), *cert. denied*, 529 U.S. 1027 (2000) (quoting *Morales*, 113 F.3d at 119-120). As in *Berger*, the indictment charged one conspiracy, and the defendants contend that the government proved two. Only two defendants were tried, and, although the government presented quite a few witnesses regarding the early transactions, the questions posed to those witnesses made it clear to the jury that Mr. Nichols did not take part in any drug activity from 1994 through 1996. Because the evidence against Mr. Nichols was confined to a certain time period, moreover, we believe that it was easier for the jury to compartmentalize that evidence.

Also, unlike what occurred in *Kotteakos*, the trial court here gave a cautionary instruction, a circumstance that the cases have identified as significant. *See Kotteakos*, 328 U.S. at 769-770; *Rosnow*, 977 F.2d at 407; *United States v. Snider*, 720 F.2d 985, 990 (8th Cir. 1983), *cert. denied*, 465 U.S. 1107 (1984).  The district court directed the jury that if it found two separate conspiracies, it "must not consider any of the evidence regarding the alleged conspiracy to distribute and possess to distribute cocaine up to July 1997 against defendant Nichols."  Considering all of the circumstances, we conclude that Mr. Nichols was not prejudiced by any spillover of evidence from the earlier cocaine conspiracy to the one in which he was implicated.

Mr. Ghant also contends that he was prejudiced by the variance because if he had been charged with only one conspiracy (his argument goes) evidence of the other conspiracy would have been inadmissible.  We conclude that Mr. Ghant's substantial rights were not adversely affected.

We note first that the evidence was sufficient to support a finding that if there were two conspiracies, Mr. Ghant participated in both of them:  The government presented proof that Mr. Ghant distributed and purchased well over five kilograms of cocaine from 1994 through 1996, as well as evidence that Mr. Ghant purchased well over five kilograms of cocaine from Mr. Nichols and another individual in 1998.  We have stated that the chance of a " 'prejudicial spillover effect' from one conspiracy to another .... if the defendant is a member of both conspiracies . . . is minimal, if not nonexistent."  *United States v. Scott*, 511 F.2d 15, 20 (8th Cir. 1975), *cert. denied*, 421 U.S. 1002 (1975); *see also Jones*, 880 F.2d at 66.  Mr. Ghant has cited no case in which, despite evidence that the defendant participated in all of the conspiracies, a variance between the number of conspiracies charged and the number proven was found to have prejudiced the defendant.  We note, too, that the Court in *Kotteakos* explained its finding of prejudice by referring to "the dangers for transference of guilt from *one to another* across the line separating conspiracies, subconsciously or otherwise," 328 U.S. at 774, and the "unwarranted imputation of guilt from *others'*

conduct," 328 U.S. at 777.  (Emphasis added).  Here Mr. Ghant argues that he was prejudiced by evidence of his own acts.

We believe, in any event, that if Mr. Ghant had been tried for only one of the allegedly two conspiracies, evidence of Mr. Ghant's participation in the other conspiracy would have been admitted under Federal Rule of Evidence 404(b) anyway.  Under that rule, evidence of other crimes or wrongs is not admissible to show the defendant's character but is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Here, assuming that there were two separate conspiracies, they were close in time and similar to each other, *see United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002), and we believe that the evidence of Mr. Ghant's participation in one would have been probative of his intent to participate in the other, *cf. United States v. Misle Bus & Equip. Co.*, 967 F.2d 1227, 1234 (8th Cir.1992).  Mr. Ghant also contends that the testimony of co-conspirators in the earlier conspiracy about "deals among themselves" would have been excluded in his separate trial on the 1998 conspiracy.  But we believe that Rule 404(b) would have permitted the admission of their testimony to show the scope of the previous drug conspiracy involving Mr. Ghant.

## II.

Mr. Ghant also challenges the multiple-conspiracy instruction given to the jury.  We review jury instructions for an abuse of discretion, *see United States v. Beckman*, 222 F.3d 512, 520 (8th Cir. 2000).  Individual instructions are evaluated "in the context of the entire charge," *United States v. Pinque*, 234 F.3d 374, 377 (8th Cir. 2000), *cert. denied*, 532 U.S. 1044 (2001), to determine whether the instructions fairly and adequately submitted the issues in the case to the jury.  *See Beckman*, 222 F.3d at 520.

-6-

Here, over the objection of the government, the district court instructed the jury on multiple conspiracies, but the court refused to give the instruction that Mr. Ghant requested. Mr. Ghant challenges paragraph four of the court's multiple-conspiracy instruction, which cautioned the jury that if it found that two conspiracies existed, it should "not consider any of the evidence regarding the alleged conspiracy to distribute and possess to distribute cocaine up to July 1997 against defendant Nichols." According to Mr. Ghant, this instruction "may have suggested to the jury that there was no issue concerning Mr. Ghant's guilt in both conspiracies." We disagree. This paragraph told the jury only what evidence it was to consider, and we do not believe that it implied that Mr. Ghant was guilty of any crime.

We believe, moreover, that the trial court had good reason to refer only to Mr. Nichols in drafting this paragraph of the instruction, which addressed the concerns expressed in *Kotteakos* that a defendant might be prejudiced by evidence against another defendant involved in a different conspiracy. The district court did not refer to Mr. Ghant in paragraph four of the instruction because the same concerns regarding a spillover effect were not present as to him.

We also observe that the first three paragraphs of Instruction 7-A noted that the defendants were charged with being members of "a single conspiracy," and then directed the jury to decide whether there was one conspiracy or "two separate conspiracies" and to acquit either defendant if it did not find that he "was a member of the single conspiracy charged in the indictment." Although we believe that Instruction 7-A contradicts itself by requiring the jury to acquit if it did not find a single conspiracy, while simultaneously instructing it to consider only certain evidence if it found two conspiracies, the defendants do not raise an objection to that effect, and we do not see any necessity here to engage *sua sponte* in plain error review. We view the instructions as a whole, *see Pinque*, 234 F.3d at 377, and we note that the jury was instructed that in order to return a guilty verdict it must unanimously find each defendant guilty beyond a reasonable doubt of the conspiracy

charged in the indictment. As we have already noted, if there were two conspiracies proven they both occurred during the time period spanned by the indictment, and the defendants do not contend that they were denied notice or are in danger of being subjected to double jeopardy. Under the circumstances, we believe that the direction to the jury to acquit if it did not find a single conspiracy actually favored the defendants and increased the burden on the government beyond that required by law.

III.

Mr. Nichols contends that the district court should have granted his motion for a severance. To succeed on this point, Mr. Nichols must show that the court's failure to grant his motion was an abuse of discretion that resulted in "clear prejudice." *See United States v. Washington*, 318 F.3d 845, 858 (8th Cir.2003).

A defendant can demonstrate that the denial of a severance motion resulted in clear prejudice by showing either that the co-defendants' defenses were irreconcilable or that the jury could not "compartmentalize the evidence as it relates to the separate defendants." *Id.* Mr. Nichols does not argue that his defense was irreconcilable with Mr. Ghant's; he argues only that the jury could not compartmentalize the extensive evidence offered against Mr. Ghant from the evidence offered against him.

In assessing the jury's ability to compartmentalize the evidence against joint defendants, we consider the complexity of the case, whether any of the defendants was acquitted, and the adequacy of the jury instructions and admonitions to the jury. *See United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003), *cert. denied*, 123 S. Ct. 2263 (2003). As we have said, we do not believe that this was a particularly complex case. Also, although no one was acquitted, there were only two defendants involved in the trial, and the evidence against Mr. Nichols, as the defendants' variance argument acknowledges, was limited to a distinct time period.

We note, moreover, that in addition to the cautionary instruction as to Mr. Nichols that we have already alluded to, the jury was instructed to "keep in mind that [it] must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant." *Cf. United States v. Kehoe*, 310 F.3d 579, 590 (8th Cir. 2002), *cert. denied*, 123 S. Ct. 2112 (2003). Despite the different degree of involvement on the part of each of the defendants, we believe that the jury would have been able to compartmentalize the evidence against Mr. Nichols. *See United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003). Therefore we conclude that the trial court did not abuse its discretion in denying the motion to sever.

IV.

Accordingly, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-