# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1075

_____

Gregory Nichols,                              *
                                              *
              Petitioner – Appellant,         *
                                              *    Appeal from the United States
       v.                                     *    District Court for the
                                              *    Eastern District of Arkansas.
United States of America,                     *
                                              *          [UNPUBLISHED]
              Respondent – Appellee.          *

_____

Submitted:  December 14, 2007
Filed:  January 28, 2008

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

       Gregory Nichols appeals a final order of the district court[1] denying his motion
to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  In his § 2255
motion, Nichols claimed ineffective assistance of counsel as it related to the
imposition of his federal sentence.  Specifically, Nichols argued his counsel did not
explain to him the option of seeking safety valve relief under U.S. Sentencing
Guideline § 5C1.2.  We affirm.

_____

       [1]The Honorable William R. Wilson, Jr., United States District Judge for the
Eastern District of Arkansas.

I

Nichols was indicted on February 8, 2000. On February 16, 2002, a jury found him guilty of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. The record shows Nichols testified and maintained his innocence throughout the trial. On August 15, 2002, the district court sentenced Nichols to the statutory minimum of 120 months in prison.

During the sentencing hearing, the district court gave Nichols a tentative sentence and granted him a week to persuade the court it could give Nichols a sentence below the statutory minimum. Nichols's trial counsel neither met with Nichols during that time nor submitted a brief to the court.

Counsel explains he did not submit a brief on the issue of safety valve relief because, since Nichols was claiming innocence and appealing his conviction,[2] Nichols could not become eligible for such relief. If Nichols did admit guilt and cooperate post-trial, the government admits it would have charged him with perjury.

On June 10, 2004, Nichols submitted a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[3] The motion alleged counsel was ineffective in representing him at sentencing for "failing to move for a reduction in his base offense level under 5C1.2 on the basis that he met the criteria of safety valve" and for "failing to advise him that he could be eligible for a sentence reduction because a mandatory ten (10) year minimum will not apply for a defendant who met the criteria for a safety

_____

[2]The Eighth Circuit affirmed the verdict. United States v. Ghant, 339 F.3d 660 (8th Cir. 2003).

[3]The document was not filed by the clerk until April 21, 2005.

valve - 5C1.2." On November 4, 2005, the district court denied Nichols's motion. The court correctly held Nichols did not meet the requirement of the "safety valve" because he had not provided the government any information relevant to the crime.

On March 16, 2006, Nichols filed a motion to reconsider, which the district court treated as a Rule 60(b) motion based upon judicial inadvertence or judicial mistake. Nichols alleged the district court overlooked his argument that trial counsel should have explained the benefits of the safety valve provision before trial, and argued it would have altered Nichols's defensive strategy. The district court denied the motion, but issued a certificate of appealability as to the following issue:

> Whether the district court erred in denying Nichols' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel claim in light of trial counsel['s] (1) failure to educate Nichols of the safety valve provision of 5C1.2 and 18 U.S.C. § 3553(f) before the sentencing hearing and (2) failure to meet with Nichols after the court decided to "keep the record open" for one week for trial counsel [] to brief on whether a sentence could be imposed below the mandatory minimum.

Counsel's declaration states he talked to Nichols before sentencing and Nichols told him he would appeal his conviction and would not make any inculpatory statements, since they could be used against him in a retrial. The district court's November 4, 2005, Order, which initially denied the § 2255 motion, cites an affidavit from counsel – including time records – showing counsel and an investigator met with Nichols on September 14, 2001, to discuss a possible plea to misprision of a felony; Nichols decided instead to go to trial. The government submitted a copy of the plea agreement it faxed to counsel on September 11, 2001, which also corroborates counsel's statement that he met with petitioner to discuss this option.

On appeal, Nichols again contends his counsel performed deficiently and prejudiced his case by not informing him of the benefits of safety valve relief. The

government counters Nichols's trial counsel did not perform deficiently by failing to request a reduction Nichols was not qualified to receive. The government further states it would have charged Nichols with perjury had he attempted to qualify for safety valve relief post-trial by admitting guilt.

## II

A claim of ineffective assistance of counsel is reviewed de novo and a district court's findings of underlying predicate facts are reviewed under the clearly erroneous standard. Reed v. United States, 106 F.3d 231, 236 (8th Cir. 1997). To prevail on a claim of ineffective assistance of counsel, a defendant must show constitutionally deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential and the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255.

The record shows Nichols has never admitted he is guilty of the drug charges and declined to enter into a plea agreement with the government. There is no support for the conclusion that Nichols's counsel was constitutionally deficient or that Nichols was prejudiced by his defense. We find the record conclusively shows Nichols is not entitled to relief.

## III

For the foregoing reasons, we affirm the decision of the district court.

_____