# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4092

_____

United States of America,      *
                                    *

        Plaintiff - Appellee,      *
                                    *    Appeal from the United States

     v.                                 *    District Court for the
                                    *    District of Nebraska.

Maurice Buckley, Jr.,       *
                                    *

        Defendant - Appellant.     *

_____

Submitted:  December 11, 2007
Filed:  May 12, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

A jury convicted Maurice Buckley, Jr., of conspiring to distribute fifty grams or more of a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846.  Buckley appeals, arguing the evidence was insufficient, he was prejudiced by a variance between the single conspiracy charged in the indictment and the multiple conspiracies proved at trial, and the district court[1] abused its discretion in admitting evidence of a prior drug distribution offense.  We affirm.

---

[1]The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.

# I. Sufficiency of the Evidence

At trial, Omaha Police Officer Paul Milone testified that Byron Jackson identified Buckley as a drug supplier when Jackson was arrested for possessing crack cocaine on December 29, 2003. Several days later, the police taped a phone conversation between Jackson and Buckley arranging a controlled buy. Hours later, officers watched from a distance as Jackson purchased 6.5 grams of crack cocaine from one of four individuals in a black Buick, using $250 provided by the police. Jackson testified that Buckley was the seller and that he (Jackson) had purchased crack from Buckley in the past. The government introduced a recording of Jackson's phone conversation with Buckley and telephone company records showing that the cell phone used to arrange the sale belonged to Buckley's longtime girlfriend. However, the jury acquitted Buckley of a separate charge based on this transaction.

Victor Henderson was arrested in January 2004 for distributing crack cocaine and told police officers about local distributors, including Buckley. Henderson testified that he bought quarter-ounce quantities of crack from Buckley for resale six or seven times between late 2001 and the end of 2002; in December 2003, Buckley sold Henderson 3.5 ounces. Henderson resold the crack in smaller quantities, making profits up to 200 percent. Buckley "fronted" the drugs, meaning that Henderson bought on credit and repaid Buckley from the resale proceeds.

Anthony Long was arrested for theft in January 2004 and told a police officer that he purchased crack cocaine from Buckley in September and October 2003. Long testified that he traded two stolen NFL jerseys for $50 and one-eighth of an ounce of crack, purchased a quarter-ounce for $200 shortly thereafter, and purchased 1.7 grams of crack from Buckley for $70 on another occasion. While purchasing the quarter-ounce, Long saw Buckley carrying a freezer bag containing at least two kilograms of crack. Buckley often told Long to deal with Buckley's brother, a dealer named "Sin," for small purchases.

Based on the cooperation of Byron Jackson and Long, Buckley was indicted and an arrest warrant issued in July 2004. He remained a fugitive until August 2005, when Kevin Spellman was arrested for selling crack cocaine. Spellman identified Buckley's photo, said Buckley was one of his suppliers and was "on the run," and took officers to the apartment of Buckley's girlfriend. The police had Spellman call Buckley to arrange a drug deal at a nearby restaurant to confirm Buckley was staying in the area. A recording of this conversation was played at trial. Buckley was arrested near the girlfriend's residence, after fleeing as officers approached and resisting arrest in a muddy fistfight. Spellman testified that he purchased a total of ten ounces of crack from Buckley in July and early August 2005.

Victor Jackson (unrelated to Byron Jackson) told the police about dealings with Buckley after Jackson's arrest for crack possession in April 2006. Jackson testified that he started buying crack from Buckley in late 2003 or early 2004, stored crack for Buckley at least fifteen times, and occasionally delivered crack on Buckley's behalf. The largest sale Jackson made for Buckley was a half-ounce. Buckley paid Jackson with small amounts of crack, some of which Jackson resold. Some time in 2005, Buckley told Jackson that he was a fugitive and referred Jackson to another drug dealer named "Earl."

Finally, Officer Mark Noonan testified that, in taped phone calls from jail after his August 2005 arrest, Buckley told his girlfriend that he suspected being turned in by "Coop" (Spellman's street name) and that he planned to "beat up" and rob Spellman. He also told her that *if* he did sell drugs, it was "no big time drugs," but "something small to make a living." The tape was played at trial.

Buckley argues that this evidence was insufficient to convict him of conspiring to distribute crack cocaine. He acknowledges our strict standard of review -- we review the evidence in the light most favorable to the verdict and uphold the conviction unless no reasonable jury could convict him of the crime charged. United

States v. Marquez, 462 F.3d 826, 828 (8th Cir. 2006). But he urges us to conclude that his conviction was an injustice because the government relied on a "parade of cooperating witnesses" seeking to curry favor with the prosecutor, and presented almost no corroborating evidence such as drugs (other than Byron Jackson's controlled buy), drug proceeds, scales, packaging materials, or photographs.

We are not persuaded. We have repeatedly upheld jury verdicts based solely on the testimony of conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony. See United States v. Velazquez, 410 F.3d 1011, 1015-16 (8th Cir.), cert. denied, 546 U.S. 971 (2005); United States v. Underwood, 364 F.3d 956, 965 (8th Cir.), cert. denied, 543 U.S. 937 (2004). Here, numerous witnesses testified to Buckley's on-going sales of distribution quantities of crack cocaine, testimony supported by tapes of Buckley arranging drug deals, telling his girlfriend that he only dealt drugs to "make a living," and plotting retribution against a dealer who turned him in. The evidence was clearly sufficient to convict Buckley of conspiring to distribute fifty grams or more of crack cocaine. As in United States v. Harris, 493 F.3d 928, 931 (8th Cir. 2007), cert. denied, 128 S. Ct. 1263 (2008), and United States v. Montano-Gudino, 309 F.3d 501, 505-06 (8th Cir. 2002), the government proved far more than a single, isolated drug sale that falls short of establishing a conspiracy to distribute.

## II. Single or Multiple Conspiracies

For the first time on appeal, Buckley argues that, even if otherwise sufficient, the evidence proved that he engaged in multiple drug conspiracies, rather than the single conspiracy charged in the indictment. Noting the scant evidence that his reseller-customers did business together, or continuously participated over the life of the alleged conspiracy, or even knew each other, Buckley invokes the "rimless wheel" principle of Kotteakos v. United States, 328 U.S. 750, 754-55 (1946) -- "where the

'spokes' of a conspiracy have no knowledge of or connection with any other, dealing independently with the hub conspirator, there is not a single conspiracy, but rather as many conspiracies as there are spokes." United States v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004). In a drug conspiracy case, proof of multiple conspiracies when a single conspiracy was charged results in a variance between indictment and proof. Reversal is warranted only if the variance prejudiced the defendant's substantial rights. United States v. Barth, 424 F.3d 752, 759 (8th Cir. 2005). Applying this standard, we conclude this contention is without merit for two independent reasons.

1. "Whether the government's proof at trial established only a single conspiracy or multiple conspiracies is a question of fact, which we review for clear error." United States v. Smith, 450 F.3d 856, 860 (8th Cir. 2006) (quotation omitted). As Buckley did not raise this issue in the district court, we review only for plain error. See Fed. R. Crim. P. 52(b). No doubt recognizing that a jury finding can rarely if ever be plain error, Buckley argues that the district court committed plain error by "not limiting the trial to a single conspiracy." But the court's instructions did so limit the trial, and the jury found the single conspiracy charged in the indictment. Buckley further asserts that the district court failed to instruct the jury "that, as finders of fact, it was their responsibility to determine whether there was a single conspiracy or whether the prosecution had established multiple conspiracies." Again, the premise is simply wrong. Without objection, the court gave the essential aspects of the multiple conspiracies instruction found in Eighth Circuit Model Instruction 5.06G:

> If you find that the government has failed to prove the existence of the conspiracy charged in the indictment, you must find the defendant not guilty, even if you are convinced that the defendant was a member of one or more separate or different conspiracies not charged in the indictment.
>
> But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the

government also proved that he was a member of the conspiracy charged in the indictment.[2]

Thus, there was no plain error of any kind. Indeed, based upon Victor Henderson's testimony that Buckley "fronted" drugs, and Victor Jackson's testimony that he would store crack for Buckley and deliver crack to Buckley's other dealer customers, the evidence permitted a reasonable jury to find the single conspiracy charged in the indictment against Buckley, the only conspirator charged.

2. Buckley cannot show the prejudice required to obtain relief from an alleged variance, particularly on plain error review. The indictment charged that, between May 2002 and July 2005, Buckley was part of a single conspiracy to distribute at least fifty grams of cocaine base. Buckley argues that he was prejudiced because "the prosecution was permitted to substantially improve the unlikely credibility of each of the cooperating witnesses, increase the weight of controlled substances involved and to substantially increase the duration of the alleged conspiracy."

A defendant may be prejudiced by a "spillover" of evidence from one conspiracy to another -- the "transference of guilt from one to another across the line separating conspiracies." Kotteakos, 328 U.S. at 774; see United States v. Morales, 113 F.3d 116, 119 (8th Cir. 1997). But in this case, *if* there were multiple

---

[2]Though the issue is not of importance in this case, we agree with the Seventh Circuit that the first part of this instruction was wrong as a matter of law. Failure to prove the single drug conspiracy charged in an indictment results only in a variance, rather than an acquittal, because proof of multiple separate drug conspiracies between a "hub" distributor and his various "spoke" dealers establishes each element of the offense charged in the indictment, and "a prosecutor may elect to proceed on a subset of the allegations in the indictment, proving a conspiracy smaller than the one alleged." United States v. Duff, 76 F.3d 122, 126 (7th Cir. 1996), citing United States v. Miller, 471 U.S. 130, 135-38 (1985). If the elements of an unlawful conspiracy are proved, relief because of variance requires an additional showing of prejudice.

-6-

conspiracies, Buckley was a key player in all of them. "[T]he chance of a 'prejudicial spillover effect' from one conspiracy to another if the defendant is a member of both conspiracies is minimal, if not nonexistent." United States v. Ghant, 339 F.3d 660, 664 (8th Cir. 2003) (citation omitted), cert. denied sub nom. Nichols v. United States, 540 U.S. 1167 (2004); accord United States v. Benford, 360 F.3d 913, 914-15 (8th Cir. 2004). Moreover, if Buckley had been tried separately for each conspiracy, evidence of his participation in the other conspiracies "would have been admitted under Federal Rule of Evidence 404(b) anyway." Ghant, 339 F.3d at 664. Thus, Buckley cannot claim prejudice from the "piling" of co-conspirator testimony against him. Nor was Buckley prejudiced by the aggregation of drug quantities in the single conspiracy -- Victor Henderson, Victor Jackson, and Kevin Spellman testified that each of them, *individually*, conspired with Buckley to distribute more than fifty grams of crack cocaine. For these reasons, no prejudice can be shown. As we observed in United States v. Lopez-Arce, 267 F.3d 775, 781 (8th Cir. 2001), "it is difficult to see how the defendant was prejudiced given that he was the sole defendant on trial and was arguably implicated in any other conspiracy the evidence could prove."

### III. Evidence of Buckley's Prior Drug Crime

Over Buckley's timely objections, the district court admitted (i) Officer Noonan's testimony that powder and crack cocaine were found during a warrant search of Buckley's residence in June 2001, and (ii) a certified copy of Buckley's resulting state court conviction for possession with intent to deliver a controlled substance. Buckley argues that the court abused its discretion in admitting this evidence because his prior crime was not probative of the drug offenses being tried and was highly prejudicial. This contention is without merit.

Rule 404(b) of the Federal Rule of Evidence permits admission of evidence of "other crimes, wrongs, or acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but not to prove "the

character of a person in order to show action in conformity therewith." Rule 404(b) is a rule of inclusion, and we have held in numerous cases that "it was well within the district court's discretion to rule that these very similar prior [drug] convictions were not overly remote." United States v. Love, 419 F.3d 825, 828 (8th Cir. 2005). "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005) (quotation omitted).

Buckley also argues that, even if it was appropriate to admit a certified copy of his conviction stemming from the 2001 crime, the court should not have admitted Noonan's testimony describing the search of Buckley's residence. District courts have substantial discretion to admit only some of the proffered 404(b) evidence or to limit inquiry into details of prior bad acts that might cause unfair prejudice. See United States v. Cook, 454 F.3d 938, 942 (8th Cir. 2006). Here, Buckley's certified conviction did not reveal the drug types and quantities found, or the place where the drugs were discovered, information that was probative of issues relating to the drug offenses being tried, such as his knowledge and intent. The court did not abuse its discretion in admitting Noonan's testimony as well as the certified conviction and giving a cautionary instruction to guard against the risk of unfair prejudice.

Finally, Buckley argues that the court's cautionary instruction lacked "focus and specificity" because it simply listed all the purposes permitted by Rule 404(b) without telling the jury how to use the Rule 404(b) evidence in this case. Buckley neither proposed a specific cautionary instruction nor objected to the instruction given. Accordingly, this issue was not preserved for appeal. See United States v. Bamberg, 478 F.3d 934, 939 (8th Cir. 2007), cert. denied, --- S. Ct. ----, 2008 WL 695667 (Mar. 17, 2008).

## IV. Sentencing Issues

In a pro se supplemental brief, Buckley challenges the constitutionality of the Sentencing Guidelines. However, because of a prior felony drug conviction, his twenty-year prison sentence was the mandatory statutory minimum the district court could impose. See 21 U.S.C. § 841(b)(1)(A). A sentence to the mandatory statutory minimum is constitutional. United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007). Accordingly, we need not address Buckley's challenges to the advisory guidelines (which we have rejected in other cases). See United States v. Crawford, 487 F.3d 1101, 1108 (8th Cir.), cert. denied, 128 S. Ct. 709 (2007).

The judgment of the district court is affirmed.

_____