# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2672

_____

United States of America,      *

       *

     Appellee,     *

       *    Appeal from the United States

     v.         *    District Court for the

       *    District of Minnesota.

Dwight William Alexander,     *

       *    [UNPUBLISHED]

     Appellant.     *

_____

Submitted: December 3, 2008
Filed: December 8, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dwight Alexander appeals the 120-month sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 50 grams or more of a mixture containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Alexander argues that his criminal history is overstated; that the court should have imposed a lesser sentence; and that the 120-month statutory minimum sentence is unconstitutional because it does not take into consideration the disparity in sentencing for offenses involving powder cocaine and those involving crack.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We reject these arguments. First, the district court's discretionary refusal to depart downward for overstated criminal history is unreviewable. See United States v. Betts, 509 F.3d 441, 446 (8th Cir. 2007). Second, even after Kimbrough v. United States, 128 S. Ct. 558, 564 (2007) (district court may reasonably vary under 18 U.S.C. § 3553(a) to account for 100-to-1 crack to powder cocaine disparity), the district court could not sentence Alexander below the 120-month statutory minimum, see id. at 573-74 (sentencing courts remain bound by statutory minimum sentences); United States v. Jenkins, 537 F.3d 894, 896 (8th Cir. 2008) (even after Kimbrough, district courts are not authorized to sentence below Congressionally mandated statutory minimums). Third, the mandatory minimum sentence under section 841(b)(1)(A) is constitutional. See United States v. Buckley, 525 F.3d 629, 635 (8th Cir.), cert. denied, 77 U.S.L.W. 3242 (U.S. Oct. 20, 2008) (No. 08-6427); United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007).

Accordingly, we affirm the sentence.

_____