# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-3836

_____

United States of America,                    *
                                             *
      Plaintiff - Appellee,        *
                                             *    Appeal from the United States
    v.                          *    District Court for the
                                             *    Western District of Missouri.
Darren Frank,                                *
                                             *    [UNPUBLISHED]
      Defendant - Appellant.       *

_____

Submitted: June 9, 2009
Filed: July 14, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Darren Frank was convicted by a jury of: (1) aiding and abetting the intentional killing of Douglas C. Weil while engaged in the manufacture and distribution of more than 50 grams of methamphetamine in violation of 21 U.S.C. § 848; (2) aiding and abetting the intentional killing of Douglas C. Weil while possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924; and (3) aiding and abetting the intentional killing of Douglas C. Weil, a

potential federal witness, in violation of 18 U.S.C. § 1512. The district court[1] sentenced Frank to concurrent terms of life imprisonment. On appeal, he challenges various aspects of his trial. We affirm.

I

From at least January 1, 1996 until his arrest on September 21, 1999, John Philip Street manufactured and sold substantial quantities of methamphetamine throughout the Kansas City, Missouri, area. Frank supplied Street with precursor chemicals used to manufacture methamphetamine and also served as his "enforcer."

On October 22, 1997, at Street's request, John Haidusek and Douglas Weil were transporting a stolen skid loader when they were arrested in Blue Springs, Missouri. Police recovered from their vehicle a nine-millimeter handgun along with coolers and trash bags that the police associated with the manufacture of methamphetamine. Weil and Haidusek were released without being charged or posting bond. Under the government's theory of the case, Street decided to murder Weil because he was afraid Weil would connect him to the stolen skid loader and manufacturing methamphetamine.

Weil was last seen by his wife, Tammie Simsheuser (formerly Tammie Weil), on January 19, 1998. About two weeks later, she learned from either Street or Dale Yeager that the car Weil had been driving, a Dodge Aries owned by Street's father, was found parked in the Stadium Inn parking lot located on Highway 40 in Independence, Missouri. Simsheuser notified the Independence police, who examined the vehicle from the outside and found nothing suspicious. Several days later, the police again examined the vehicle, which had been moved, this time

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

discovering Weil's shoeless body inside its trunk. An autopsy revealed that Weil had suffered two gunshot wounds and was stabbed many times.

In September 1999, Street was charged with methamphetamine and firearm offenses, but not charged with Weil's murder. He pleaded guilty to the charges, and was sentenced to 180 months' imprisonment. Later, on September 10, 2004, Street was indicted on charges relating to Weil's murder.

Frank was called as a witness in Street's first murder trial. He denied being offered money by Street to kill Weil, but did admit that Street offered him $5,000 to find a dead man's missing boots. The jury in the first Street trial was unable to reach a verdict, and the district court declared a mistrial.

On September 13, 2006, the government amended the indictment to include Frank as a co-defendant. Frank and Street were charged with: (1) aiding and abetting the intentional killing of Weil while engaged in the manufacture and distribution of more than 50 grams of methamphetamine in violation of 21 U.S.C. § 848 (Count One); (2) aiding and abetting the intentional killing of Weil while possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924 (Count Two); and (3) aiding and abetting the intentional killing of Weil, a potential federal witness, in violation of 18 U.S.C. § 1512 (Count Three). Before trial, the district court granted Street's motion to sever.

On re-trial, Street was only found guilty on Count One. Due to evidentiary errors, this Court remanded Street's case for a new trial. United States v. Street, 548 F.3d 618 (8th Cir. 2008). Street is currently awaiting re-trial.

Frank was found guilty on all three counts. At trial, the government presented testimony from several cooperating witnesses. Eva Long testified she overheard Street offer Frank $5,000 to kill Weil. Jack Fruean testified Frank admitted to the

murder and that the reason for it was because Weil was informing on him and Street to the police. Kerrie Mick testified he heard Frank and Scotty Nabors bragging about killing Weil. Wyvon Poston and Ryan Poston testified Frank admitted his involvement in the murder.

In addition, Detective Jeff Seever testified as an expert witness on motorcycle gangs, specifically the El Forasteros motorcycle gang. Seever explained members label their gang as a "1 percenter organization," meaning "they choose to be the 1 percent of the rest of the world that does not follow the law set down by man." Their philosophy includes a disdain for government informants, whom they refer to as "snitches." As demonstrated by their slogan often placed on t-shirts, "snitches get stitches for being punk bitches," El Forasteros members believe snitches are to be met with violence. There was also testimony that Frank was a former member of the El Forasteros, and that he had adopted their view of snitches. The government asserted at trial that it was Frank's disdain of snitches that motivated him to murder Weil.

The government also offered and the district court admitted photographs of a large number of firearms that belonged to Street but were recovered by the police from the home of Darrell Hein sixteen months after Weil's death.

As stated above, Frank was found guilty on all counts, and was sentenced to life imprisonment. On appeal, Frank asserts the district court committed two evidentiary errors, the evidence at trial materially varied from the indictment, and there was insufficient evidence to convict him.

II

Frank asserts the district court erred by: (1) allowing testimony as to the El Forasteros motorcycle gang; and (2) admitting into evidence the firearms police found in the possession of Darrell Hein. "[W]e review the admission of this evidence for

abuse of discretion and 'reverse a conviction only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict.'" United States v. Wright, 540 F.3d 833, 843 (8th Cir. 2008) (quoting United States v. Shields, 497 F.3d 789, 792 (8th Cir. 2007)).

### A.    El Forasteros Evidence

The primary case Frank relies on to argue the district court erroneously admitted evidence pertaining to the El Forasteros motorcycle gang is United States v. Street, in which this Court held it was error to admit similar evidence during Street's trial. 548 F.3d 618, 633 (8th Cir. 2008).

Street, however, is distinguishable for two reasons.  First, the main purpose of the El Forasteros evidence introduced at Street's trial was "to illustrate the violent, lawless propensities of outlaw motorcycle gangs." Id. at 629.  After discussing the testimony in depth,[2] the Court found its "net effect" was "to locate El Forasteros within a tradition of misogynistic, hardened outlaws." Id. at 631.  In contrast, the El Forasteros evidence introduced at Frank's trial was sharply limited, focusing mainly on their view of "snitches."  Second, the Street court found significant that Street did not have any serious ties to El Forasteros.  Frank, on the other hand, was a former

---

[2]The Court summarized:

> [The government's witness] testified to incidents of violence from as long ago as 1947 and from as far afield as Las Vegas, Nevada, and Hollister, California.  He described arcane insignia and painful tattoos intended to set gang members apart from the rest of civilized society.  He recounted nauseous and brutal initiation procedures. He made repeated references to shootings, assaults, and theft.  He explained the general contempt gang members displayed towards women.

Id. at 631.

member of the motorcycle gang, and there was testimony indicating Frank had adopted its view of snitches.

These distinguishing factors render the El Forasteros testimony relevant and not overly prejudicial. As such, the district court did not abuse its discretion by admitting it.

B.      Firearms Evidence

As this Court noted in Street, although the weapons were discovered well after the murder of Weil, "[s]ince the weapons admittedly belonged to Street, they might still be relevant even though discovered at a time and place remote from him and his methamphetamine operation" because "[a] jury might draw the reasonable inference that the guns were acquired for the purpose of protecting or funding Street's drug activities." 548 F.3d at 626; see also id. ("Firearms are routinely allowed into evidence as 'tools of the trade' in drug trafficking cases."). Because the government established Frank participated in Street's drug operation and such operation was ongoing at the time the weapons were seized, they are thus equally admissible against Frank. See United States v. Ball, 499 F.3d 890, 897 (8th Cir. 2007), reversed on other grounds 129 S. Ct. 2049 (2009).

The district court thus did not abuse its discretion by admitting the photographs of the firearms.

III

Frank also asserts the facts adduced at trial erroneously varied from the indictment. "A variance arises when the evidence presented proves facts that are materially different from those alleged in the indictment." United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007). "In determining whether a

variance exists, we consider the totality of the circumstances, including the nature of the activities, the location and time frame in which the activities were performed, and the participants involved." United States v. Abfalter, 340 F.3d 646, 650 (8th Cir. 2003). "Reversal is warranted only if the variance prejudiced the defendant's substantial rights." United States v. Buckley, 525 F.3d 629, 633 (8th Cir. 2008).

Frank argues the evidence proved he engaged in multiple conspiracies to murder Weil, rather than the single conspiracy (with Street) charged in the indictment. This argument is misplaced. First, Frank was charged with aiding and abetting, not conspiracy. Second, the evidence adduced at trial was consistent with the counts charged. Accordingly, Frank has not established the evidence adduced at trial materially varied from the indictment.

IV

Finally, Frank asserts the district court erred in denying his motion for judgment of acquittal on the basis of insufficient evidence. "We review de novo a district court's denial of a motion for judgment of acquittal." United States v. Clarke, 564 F.3d 949, 954 (8th Cir. 2009). The evidence must be viewed in light most favorable to the verdict, and all reasonable inferences and credibility determinations must be made in support of the jury's verdict. United States v. Hudspeth, 525 F.3d 667, 676 (8th Cir. 2008). Id. The Court will reverse a jury verdict on the grounds of insufficient evidence "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (quoting United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006)).

Having reviewed the evidence presented at trial, we conclude there was sufficient evidence to convict Frank on each count with which he was charged. See 8th Cir. R. 47B.

## V

For these reasons, the judgment of the district court is affirmed.

_____