**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 09-2781
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Johnnie Joe Longs, | * | |
| also known as Johnny Blaze, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 2010
Filed: July 30, 2010
_____

Before RILEY, Chief Judge, LOKEN and MURPHY, Circuit Judges.
_____

RILEY, Chief Judge.

A jury found Johnnie Joe Longs guilty of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of conspiracy to possess firearms in furtherance of the drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A) and (*o*). For the first time on appeal, Longs argues his convictions should be reversed because there was a variance between the conspiracy as charged in Count 1 of the indictment and the evidence presented to the jury. We affirm.

## I. BACKGROUND

In June 2007, a grand jury returned an indictment against fourteen individuals, charging them with various drug and firearms offenses in the District of Minnesota. The grand jury issued a superseding indictment in September 2007, adding several defendants, including Longs and his brother. Each defendant named in the superseding indictment, other than Longs, reached a plea agreement with the government.

In April 2008, a second superseding indictment was issued, naming Longs as the sole defendant and charging him with conspiracy to distribute crack, conspiracy to possess firearms in furtherance of the crack conspiracy, and possession with intent to distribute crack. Longs pled not guilty to the charges against him, and the case went to trial. Several of Longs's co-conspirators testified against him. The jury found Longs guilty of the crack and firearms conspiracies and not guilty of the substantive count of possession with intent to distribute crack cocaine. The district court[1] sentenced Longs to 240 months imprisonment.[2]

## II. DISCUSSION

Longs belatedly claims his convictions should be reversed because there was a variance between the indictment and the evidence presented at trial. A variance exists when the allegations in the indictment are "materially different" from the evidence presented to the jury. See United States v. Hyles, 521 F.3d 946, 957 (8th Cir. 2008) (quoting United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007)), cert. denied, 129 S. Ct. 941 (2009).

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2]Longs does not appeal his sentence.

Because Longs did not raise this issue in the district court, we review for plain error. See Hyles, 521 F.3d at 957. In order to show plain error, Longs must prove: (1) there was an error, (2) the error is clear or obvious, and (3) the error affects Longs's substantial rights. See Puckett v. United States, 556 U.S. __, __, 129 S. Ct. 1423, 1429 (2009). "[I]f the above three prongs are satisfied, [we have] the *discretion* to remedy the error . . . only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 736 (1993) (internal quotation marks omitted)).

The indictment alleged Longs participated in a single conspiracy to distribute crack cocaine, but Longs insists the evidence presented at trial "tended to show that multiple conspiracies were in existence," rather than a single conspiracy.

> A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement. A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions. Further, the agreement need not be explicit, but may be tacit, based upon the actions of the defendant.

United States v. Donnell, 596 F.3d 913, 923 (8th Cir. 2010) (quoting United States v. Ramon-Rodriguez, 492 F.3d 930, 941 (8th Cir. 2007)).

> Where, as here, a defendant argues the evidence varies from the conspiracy charged in the indictment by establishing multiple and different conspiracies than the one charged, "[w]e will reverse only if we find the evidence adduced at trial does not support a finding of a single conspiracy, and we determine [the defendant] was prejudiced by the [evidence]."

United States v. Smith, 450 F.3d 856, 860 (8th Cir. 2006) (quoting United States v. Benford, 360 F.3d 913, 914 (8th Cir. 2004)).

-3-

First, the evidence overwhelmingly supported the charge that Longs participated in the crack conspiracy as alleged in the second superseding indictment. Longs's co-conspirators testified Longs, among other things, gave money to his co-conspirators to purchase crack, converted powder cocaine into crack with his brother, sold crack to his co-conspirators and others on a regular basis at homes rented by co-conspirator Deborah Lomax, provided crack to co-conspirators to sell on his behalf, had co-conspirators provide security for him and provided security for others during drug transactions at Lomax's homes, and carried firearms for protection while selling crack.

Longs suggests the government proved, at most, he was a part of separate conspiracies, rather than a single conspiracy. However, at the time of trial, Longs was the sole remaining defendant. All of the evidence at trial related directly to Longs's involvement in the crack and firearms conspiracies as charged in the second superseding indictment. "[I]t is difficult to see how the defendant was prejudiced given that he was the sole defendant on trial and was arguably implicated in any other conspiracy the evidence could prove." United States v. Lopez-Arce, 267 F.3d 775, 781 (8th Cir. 2001); see also United States v. Buckley, 525 F.3d 629, 634 (8th Cir. 2008) ("[T]he chance of a prejudicial spillover effect from one conspiracy to another if the defendant is a member of both conspiracies is minimal, if not nonexistent." (quoting United States v. Ghant, 339 F.3d 660, 664 (8th Cir. 2003) (internal quotation marks omitted))), cert. denied, 129 S. Ct. 475 (2009).

The cases Longs cites in support of his variance argument are inapposite. Cf. United States v. Snider, 720 F.2d 985, 987 (8th Cir. 1983) (finding a fatal variance where the indictment alleged a single conspiracy, but the evidence presented established the existence of two separate, independent marijuana grow houses and the defendants on trial were only involved in one of the operations); United States v. Jackson, 696 F.2d 578, 582 (8th Cir. 1982) (concluding there was a fatal variance where the indictment alleged a single conspiracy to set fires to four buildings and

collect insurance proceeds through the mail, but the evidence "at most showed that two separate conspiracies were in operation" and two of the defendants were only involved in one of the conspiracies).

Longs also protests how "drug conspiracies, distinguished from substantive drug crimes, are alleged and proved in federal prosecutions today." Longs complains the first two indictments here were vague and "barren," although the second superseding indictment provided "a little more information." In this case, we conclude Longs's complaints lack merit. To the extent Longs argues the indictment failed to provide him with sufficient notice of the evidence that would be presented at trial, we disagree. The indictment sufficiently apprised Longs of the evidence the government would introduce at trial.

We find no error, plain or otherwise, because, viewing the evidence in the light most favorable to the verdict, we conclude "'a reasonable jury could have determined that the defendant participated in the single conspiracy charged in [Count 1 of] the [second superseding] indictment.'" Donnell, 596 F.3d at 923 (quoting United States v. Sdoulam, 398 F.3d 981, 991 (8th Cir. 2005)).

## III.   CONCLUSION
We affirm Longs's convictions.

_____