**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4586**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CORVAIN T. COOPER, a/k/a CV,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad,
Jr., District Judge. (3:11-cr-00337-RJC-DSC-12)

───────────

Submitted: August 31, 2015      Decided: October 2, 2015

───────────

Before KING and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

───────────

Patrick Michael Megaro, Orlando, Florida, for Appellant. Anne M.
Tompkins, United States Attorney, Anthony J. Enright, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Corvain Cooper of conspiring to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (h) (2012); and structuring, and aiding and abetting in structuring, financial transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3), (d)(1), (d)(2) (2012); 31 C.F.R. §§ 103.11, 103.22 (2015); 18 U.S.C. § 2 (2012). The district court sentenced Cooper to a mandatory term of life imprisonment. Cooper argues that (1) evidence of his past conviction for possession of marijuana and of his past possession of a firearm was inadmissible character evidence, (2) his case should have been severed from those of his codefendants, (3) the evidence was insufficient to connect him to 1000 or more kilograms of marijuana, (4) he suffered ineffective assistance of counsel, and (5) his sentence violates the Eighth Amendment. We affirm in part and dismiss in part.

We first review Cooper's challenges to the district court's admission of evidence for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Cooper contends that the district court's evidentiary rulings contravened both Rule 404(b) and Rule 403 of the Federal Rules of Evidence.

2

Rule 404(b)(1) prohibits introduction of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Evidence "concern[ing] acts intrinsic to the alleged crime," however, does not fall within Rule 404(b)'s ambit.  United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks and brackets omitted).  "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode."  Id. (internal quotation marks and citation omitted).  Moreover, evidence subject to exclusion under Rule 404(b)(1) "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Generally, we will not find that a district court abused its discretion in admitting evidence over a Rule 404(b) objection unless that decision was "arbitrary and irrational."  United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014).

We find no abuse of discretion in the district court's decision to admit the testimony of Beverly Hills, California police officer David Rudy that he recovered a brick of marijuana and other evidence of drug distribution from Cooper during a

3

traffic stop in January 2009. At the conclusion of Officer Rudy's testimony, the court instructed the jury to limit its consideration of that testimony to the issues of intent, motive, plan, preparation, absence of mistake, or lack of accident. Evidence that Cooper was selling marijuana in California at the height of the drug trafficking conspiracy alleged in this case is probative of his intent to participate in that conspiracy, even if his low-level distribution in California was not part of the conspiracy. See United States v. Ghant, 339 F.3d 660, 664 (8th Cir. 2003).*

We also find no abuse of discretion in the district court's admission of evidence that Cooper obtained and possessed a firearm to protect himself. Because firearms are tools of the drug trade, evidence that Cooper possessed a firearm is relevant intrinsic evidence of the ongoing conspiracy. See United States v. Ricks, 882 F.2d 885, 892 (4th Cir. 1984) ("[E]vidence of firearms is relevant in narcotics conspiracy cases."); see also Ybarra v. Illinois, 444 U.S. 85, 107 (1979) (recognizing that

_____

* The government asks us to find that evidence that Cooper was dealing drugs in California was "inextricably intertwined" with the conspiracy and therefore not subject to the constraints of Rule 404(b). See Otuya, 720 F.3d at 188. Because we conclude that the district court was within its discretion to admit Officer Rudy's testimony only as evidence of intent, motive, preparation, plan, absence of mistake, or lack of accident, we do not address whether the court might have admitted it for more general purposes.

4

firearms are as much "tools of the trade" in the narcotics business as are other forms of paraphernalia).

We also reject Cooper's argument that the district court should have excluded Officer Rudy's testimony and the evidence of Cooper's firearm possession pursuant to Rule 403. Rule 403 permits a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Because "balancing . . . the Rule 403 scale . . . is a discretionary task for the district court," we will not overturn a district court's decision to admit evidence over a Rule 403 objection "'except under the most extraordinary circumstances, where that discretion has plainly been abused,'" and the trial court has acted "'arbitrarily or irrationally.'" United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (quoting United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990)). Here, Cooper has simply not shown that the trial court acted arbitrarily or irrationally in concluding that the unfairly prejudicial effect of Officer Rudy's testimony and the evidence of Cooper's firearm possession did not "substantially outweigh" the probative value of that evidence.

We likewise consider the district court's denial of Cooper's motion for severance for abuse of discretion. United States v. Min, 704 F.3d 314, 319 (4th Cir. 2013). A district court has "broad discretion" to deny a motion for severance. To

establish an abuse of that discretion, a defendant must show that he suffered prejudice as a result of the denial. United States v. Lighty, 616 F.3d 321, 348 (4th Cir. 2010).

The Federal Rules of Criminal Procedure permit multiple defendants to be "charged in the same indictment if they are alleged to have 'participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" Id. (quoting Fed. R. Crim. P. 8(b)). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together because such trials promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." United States v. Graham, __ F.3d __, __, Nos. 12-4659, 12-4825, 2015 WL 4637931, at *28 (4th Cir. 2015) (internal quotation marks and brackets omitted).

While Rule 14 permits severance, a district court should not order it unless "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. The burden rests with the defendant to show "that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." Id. (internal quotation marks and ellipses omitted).

6

Cooper makes no such showing. Cooper neither identifies a specific right that the joint trial infringed upon nor demonstrates that the joint trial prevented the jury from reliably determining his guilt. While one of his codefendants pleaded ignorance and sought to shift blame to him, that testimony would have been admissible even if his trial were severed. Cooper thus suffered no prejudice, and consequently, we find no abuse of discretion in the denial of Cooper's motion to sever.

We next review de novo the district court's denial of Cooper's Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). We will affirm if, when the evidence is viewed in the light most favorable to the government, "the conviction is supported by substantial evidence." United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010) (internal quotation marks omitted). "'Substantial evidence' is 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Green, 599 F.3d 360, 367 (4th Cir. 2015) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). A defendant challenging evidentiary sufficiency "faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Reversal of a conviction on

7

these grounds is limited to "cases where the prosecution's failure is clear." Id. at 244-45 (internal quotation marks omitted).

To obtain a conviction for a drug conspiracy under 21 U.S.C. § 846, the government must show that a defendant (1) agreed with at least one more person to engage in conduct that violated 21 U.S.C. § 841; (2) had knowledge of the conspiracy; and (3) knowingly and voluntarily participated in the conspiracy. United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014). Further, "in order for the statutory maximums and mandatory minimums of § 841(b) to apply," the government must demonstrate "that the threshold drug amount was reasonably foreseeable to the individual defendant." United States v. Brooks, 524 F.3d 549, 558 (4th Cir. 2008). In that vein, this Court has cautioned that the trier of fact "may not simply guess at the magnitude or frequency of unknown criminal activity" if "no evidence exists to guide the trier of fact in determining the outer scope of a conspiracy." Hickman, 626 F.3d at 768-69.

Here, the Government presented sufficient evidence specifically showing that Cooper was responsible for more than 1000 kilograms of marijuana. The Government presented testimony from three of Cooper's coconspirators, each of whom claimed to distribute well over 10,000 kilograms of marijuana. While only 153 kilograms of marijuana were seized, the jury is not limited

8

to considering only that marijuana which is seized.  See United States v. Durham, 211 F.3d 437, 444 (7th Cir. 2000) (holding that court may take witnesses' estimates of amount of drugs purchased and multiply that by minimum quantity sold on each occasion), cited in Hickman, 626 F.3d at 769.

Next, while Cooper charges his attorney with ineffective assistance, unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Because his attorney's ineffectiveness does not appear on the face of the record, his claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  We thus dismiss his appeal with respect to the ineffective assistance claims.

Finally, we review de novo Cooper's challenge to his sentence on Eighth Amendment grounds.  United States v. Dowell, 771 F.3d 162, 167 (4th Cir. 2014).  The Eighth Amendment prohibits cruel and unusual punishments, encompassing both barbaric punishments and those that are disproportionate to the crime committed.  Graham v. Florida, 560 U.S. 48, 59 (2010).  In determining whether a sentence is disproportionate to the offense, and thus cruel and unusual, we consider objective

9

criteria, including the gravity of the offense and harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the same offense in other jurisdictions. Dowell, 771 F.3d at 167. Of the challenges charging that a particular sentence is disproportionate to the crime committed, there are two types: an as-applied challenge that the length of a sentence is disproportionate given the circumstances of the case, and a categorical challenge asserting that the entire class of sentences is disproportionate based on the nature of the offense or the characteristics of the offender. Id.

Where, as here, a party has asserted an as-applied challenge to a particular sentence, we have outlined a specific method of analysis:

> [T]he narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime. Before an appellate court concludes that a sentence is grossly disproportionate based on an as-applied challenge, the court first must determine that a threshold comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality.

United States v. Cobler, 748 F.3d 570, 575 (4th Cir. 2014) (internal quotation marks and citations omitted).

As Cooper acknowledges, we have previously held that a mandatory sentence of life without parole for drug distribution

10

is not grossly disproportionate.  United States v. Kratsas, 45 F.3d 63, 68 (4th Cir. 1995).  In Kratsas, we emphasized that the defendant's conduct was "immensely grave," considering that the defendant was "part of a ring of dealers," directly responsible "a large amount of cocaine, specifically 18 kilograms," and a repeat drug offender.  Id.  Cooper makes no effort to distinguish Kratsas; rather, he urges us to reconsider Kratsas in light of policy changes concerning marijuana and sentencing since that decision.  We cannot overrule a published decision issued by another panel of this Court.  McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc).  Therefore, we conclude that Kratsas forecloses Cooper's Eighth Amendment claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART AND
DISMISSED IN PART

11